CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| BERNARD ANDREA WOOD, | ) | Civil Action No. 7:09-cv-00072 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LYNCHBURG REGIONAL JAIL, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Bernard Andrea Wood, a Virginia inmate proceeding pro se, filed a civil rights

action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Wood names

as defendants the Lynchburg Regional Jail and "the State," which the court liberally construes as

the state magistrate. Wood complains that a correctional officer ("CO") did not promptly take

him to a magistrate to file charges against an inmate for an assault and that the magistrate denied

Wood's criminal complaint. Wood also claims that the jail is liable for his injuries because they

had "negligent" security. After screening the complaint pursuant to 28 U.S.C. § 1915A, the court

dismisses the complaint for failing to state a claim upon which relief can be granted.

I.

Wood alleges the following. An inmate struck and injured Wood with a shower brush.

Wood wanted to see a magistrate to file a criminal complaint, but CO Rivers did not want Wood

to see a magistrate and lied by saying he already took Wood to the magistrate. However, the

"[in]ternal affairs" officer made CO Rivers take Wood to the magistrate. Wood filed a criminal

complaint against the inmate who struck him, but the magistrate denied his complaint for lacking

criminal intent. Wood believes that the Jail is responsible for its "negligent security," and the

magistrate is liable for denying Wood's criminal complaint.

II.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must establish that he has been deprived of a right guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The court must dismiss Wood's claims against the jail because a local jail is not a "person" subject to suit under § 1983.  See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 891-92 (E.D. Va. 1992).  However, even if Wood named a "person" liable under § 1983, jail employees do not violate the Eighth Amendment by the negligent failure to protect inmates from violence.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  Furthermore, no jail employee denied Wood due process because a correctional officer brought Wood before the magistrate so Wood could file a criminal complaint.

The Virginia magistrate who denied Wood's criminal complaint for lacking probable cause is a judicial officer.  See Article VI, § 8, Virginia Constitution; Va. Code §§ 19.2-48.1; Penick v. Ratcliffe, 149 Va. 618, 140 S.E. 664 (1927) (describing judicial duties analogous to magistrate's duties that are entitled to judicial immunity).  Accordingly, the magistrate is immune from damages.  See Stump v. Sparkman, 435 U.S. 349, 359-60 (1978) (stating judicial officers immune from damages when their actions are within their judicial capacity); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, [Virginia] magistrates are entitled to absolute immunity for acts performed in their judicial capacity."); Va. Code § 19.2-45 (authorizing magistrates to issue summonses and arrest warrants).  Federal courts do not have jurisdiction to issue a writ of mandamus to a state judicial officer.  See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587

2

(4th Cir. 1969). Section 1983 also bars injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Willner v. Frey, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006) (citing Holbert v. Cohen-Gallet, 2006 U.S. Dist. LEXIS 1869 (E.D.N.Y. 2006)).[1] After reviewing his complaint, the court is satisfied that it must be dismissed under 28 U.S.C. § 1915A(b)(1) because Wood fails to allege facts giving rise to any constitutional claim against anyone.

                                          III.

For the foregoing reasons, the court dismisses Wood's § 1983 complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _20th_ day of March, 2009.

                                          _James C. Turk_
                                          Senior United States District Judge

---

[1] Wood does not allege that any "person" violated a declaratory decree or that declaratory relief was unavailable to him.

                                          3